FILED
Scott L. Poff, Clerk
United States District Court

By mgarcia at 12:55 pm, Nov 18, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RICHARD J. HILL,

      Plaintiff,

v.

SGT. FREDDIE DAVIS, et al.,

      Defendants.

CIVIL ACTION NO.: 6:19-cv-22

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Docs. 1, 14, 14-1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

    1)    Claims for monetary damages against Defendants in their official capacities;

    2)    Claims for monetary damages against Defendants Deal and Adams based on failure to protect; and

    3)    Due process claim against Defendant Deal.

Additionally, I **RECOMMEND** the Court **DENY** Plaintiff's claims for injunctive relief in the form of pressing charges against Defendant Davis and demoting Defendant Sistrunk.

    However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's Eighth Amendment claims against Defendants Davis, Brownlee, Cain, Jackson, Powell, Williams, Miller, Michaels, Cook, Chambers, and Sistrunk and Plaintiff's remaining claims for injunctive relief against Defendants Deal and Adams.

## PLAINTIFF'S CLAIMS[1]

Plaintiff initially brought this action based on an incident occurring at Georgia State Prison in Reidsville, Georgia on February 19, 2019.  Doc. 1 at 6.  Plaintiff alleges Defendant Davis, accompanied by Defendants Brownlee, Cain, Jackson, Powell, Williams, Miller, Michaels, and Cook, came to Plaintiff's cell and ordered him to "cuff up."  Id.  After Plaintiff initially refused to cuff up, Defendant Davis stuck a pepperball gun through Plaintiff's handcuff flap and shot him multiple times.  Id.  Plaintiff thereafter complied with Defendant Davis' orders to cuff up and "strip off."  Id. at 6–7.  However, Defendant Davis continued to shoot Plaintiff with the pepperball gun, ultimately causing Plaintiff to bleed.  Plaintiff later went to medical with back complaints.  Plaintiff describes Defendants Chambers and Sistrunk as being present during the incident and doing nothing to stop it.  Id. at 7.

Plaintiff also alleges Defendants Adams and Deal, as Wardens at Georgia State Prison, failed to protect Plaintiff when they allowed Defendant Davis to continue working in Plaintiff's housing unit after the February 19, 2019 pepperball gun incident.  Id. at 7–8.  According to Plaintiff, Defendant Davis continued to harass and threaten him after the incident.  Id. at 7.  Plaintiff also alleges Defendant Deal violated his due process rights during the handling of Plaintiff's grievance.  Id. at 8.

After being granted permission by this Court, doc. 13, Plaintiff supplemented his Complaint on June 17, 2019, to include excessive force claims against Defendants Jackson and

---

[1] All allegations set forth herein are taken from Plaintiff's Complaint and additional pleadings and declarations he filed.  Docs. 1, 11, 12, 14, 14-1.  See Faulk v. City of Orlando, 731 F.2d 787, 790–91 (11th Cir. 1984) (construing pro se plaintiff's three pleadings together as one complaint in determining whether plaintiff stated claim).  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

2

Sistrunk arising from a May 7, 2019 incident where Defendant Sistrunk shot pepper spray into Plaintiff's cell and then left him in the cell for fifteen minutes.  Doc. 14.  Defendants Jackson and Sistrunk then escorted Plaintiff to medical and, on the way, slammed Plaintiff to the ground, injuring his back.  Id. at 2.  Plaintiff seeks monetary damages from Defendants, as well as injunctive relief.  Doc. 1 at 9; Doc. 14 at 3–4.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

I.   **Plaintiff's Monetary Damages Claims Against Defendants in Their Official Capacities**

Plaintiff cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits based on the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983. Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Georgia Department of Corrections. Accordingly, the Eleventh Amendment immunizes these actors from suit in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief, and, therefore, the Court should **DISMISS** any such claims.

II.   **Plaintiff's Failure to Protect Claims Against Defendants Deal and Adams**

Plaintiff alleges Defendant Davis continued to harass and threaten him after the February 19, 2019 pepperball gun incident, and he claims Defendants Deal and Adams, as Wardens at Georgia State Prison, failed to protect Plaintiff by allowing Defendant Davis to continue working in Plaintiff's housing unit. Doc. 1 at 7–8.

"Section 1983 claims may not be brought against supervisory officials solely on the basis of vicarious liability or respondeat superior." Averhart v. Warden, 590 F. App'x 873, 874 (11th Cir. 2014) (citing Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010)).  Rather, "[a] supervisor can be held liable under § 1983 if he personally participates in the alleged constitutional violation or if a causal connection exists between his acts and the constitutional infirmity." Id. "A causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so; when the supervisor's improper custom or policy leads to deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008).

Here, Plaintiff does not allege Defendants Deal and Adams were responsible for the pepperball incident.  Rather, he only alleges these two Defendants failed to protect Plaintiff from Defendant Davis' threats and harassment following the incident.  Doc. 1 at 7–8.  To the extent Plaintiff complains of verbal harassment by Defendant Davis, he fails to allege anything that would amount to a violation of the Eighth Amendment's proscription on cruel and unusual punishments.[2]  See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) ("[A]llegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim.").

---

[2]  Plaintiff submitted a declaration from another inmate, stating, "I hear[d] . . . Davis tell inmate Richard J. Hill [on 4-29-2019], that, he is going to pay the blood game to jump him and stab him once he gets out of segregation . . . ." Doc. 11.

5

Further, there is no allegation that Defendant Davis committed any additional acts of force on Plaintiff following the February 19, 2019 pepperball incident. Plaintiff, at most, is complaining about the conditions of his confinement while he was housed at Georgia State Prison, specifically that he had to endure being housed in Defendant Davis's unit. "[I]t is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." Babcock v. White, 102 F.3d 267, 272 (7th Cir. 1996); see also Wood v. Thomas, Case No. 7:16-cv-01306, 2017 WL 758952, at *3 (N.D. Ala. Jan. 13, 2017) (no Eighth Amendment claim where plaintiff housed near "known enemies" but never assaulted by them). Plaintiff's allegation of being housed in Defendant Davis' unit following the pepperball gun incident does not rise to the level of an Eighth Amendment violation. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992). In this case, being housed in Defendant Davis' unit following the pepperball incident does not constitute the extreme sort of conditions necessary for Plaintiff to bring an Eighth Amendment claim against Defendants Deal and Adams.[3] As a result, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary damages against Defendants Deal and Adams based on their alleged failure to protect.

---

[3] Even if Plaintiff's allegations of being housed near Defendant Davis did reach the level of an Eighth Amendment violation, his inability to show a physical injury stemming from Defendants Deal and Adams' alleged inactions would bar any claims for compensatory and punitive damages against them. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."); see also Al-Amin v. Smith, 637 F.3d 1192, 1198–99 (11th Cir. 2011) (holding that in absence of physical injury, recovery of compensatory and punitive damages by prisoner is barred under 42 U.S.C. § 1997e(e)).

However, the Court will allow Plaintiff to proceed with his claims for injunctive relief against Defendants Deal and Adams.[4]

### III. Due Process Claim Against Defendant Deal

Plaintiff alleges Defendant Deal violated his due process rights by denying his grievance and then telling Plaintiff it was not appealable. Doc. 1 at 8. Under the Due Process Clause, "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The types of interests that constitute 'liberty' and 'property' for Fourteenth Amendment purposes are not unlimited; . . . an individual claiming a protected liberty interest must have a legitimate claim of entitlement to it." Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989). Regarding prison grievance procedures, the Eleventh Circuit has concluded "a prison grievance procedure does not provide an inmate with a constitutionally protected interest . . . ." Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011); see also Dunn v. Martin, 178 F. App'x 876, 878 (11th Cir. 2006) ("[A] prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure."). Here, because the prison's grievance procedure does not provide Plaintiff with a protected liberty interest, his allegations concerning Defendant Deal's handling of his grievance fail to state a due process claim under § 1983. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's due process claim against Defendant Deal.

---

[4] Plaintiff has named Defendants Deal and Adams as Wardens at Georgia State Prison. Doc. 1 at 7–8. The Court, therefore, leaves open the possibility that, by virtue of their positions, they may be suable in their official capacities for Plaintiff's claims requesting injunctive relief at Georgia State Prison. See Luckey v. Harris, 860 F.2d 1012, 1015–16 (11th Cir. 1988) ("Personal action by defendants individually is not a necessary condition of injunctive relief against state officers in their official capacity. . . . [I]t is sufficient that the state officer sued must, 'by virtue of his office, ha[ve] some connection' with the unconstitutional act or conduct complained of." (citing Ex parte Young, 209 U.S. 123, 157 (1908))).

### IV.     Plaintiff's Request for Court to Press Charges Against Defendant Davis and to Demote Defendant Sistrunk

As part of his requested relief, Plaintiff asks the "Courts to press charges on Freddie Davis for aggravated assault, violation of officer oath." Doc. 1 at 9. Plaintiff, however, does not have a constitutional right to have criminal proceedings commenced against Defendant Davis. See United States v. Batchelder, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); Otero v. U.S. Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (affirming dismissal of complaint seeking investigation and prosecution of former state attorney). Accordingly. I **RECOMMEND** the Court **DENY** this requested injunctive relief.

Plaintiff also requests Defendant Sistrunk to be demoted. Doc. 14 at 3–4. As "federal courts have no authority to address state officials out of office or to fire state employees," Newman v. Alabama, 559 F.2d 283, 288 (5th Cir. 1977), *rev'd on other grounds sub nom.*, Alabama v. Pugh, 438 U.S. 781 (1978), I **RECOMMEND** the Court **DENY** this requested relief.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary relief against Defendants in their official capacities, **DISMISS** Plaintiff's claims for monetary relief against Defendants Deal and Adams based on failure to protect, **DISMISS** Plaintiff's due process claim against Defendant Deal, and **DENY** Plaintiff's request for the Court to press charges against Defendant Davis and to demote Defendant Sistrunk.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1191 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 18th day of November, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA